IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| PHILLIP L. BREWER,<br><br>   Petitioner,<br><br>  v.<br><br>G.R. JOHNSON, Warden, and<br>ATTORNEY GENERAL OF THE<br>STATE OF DELAWARE,<br><br>   Respondents. | Civil Action No. 14-23-GMS |

Phillip L. Brewer. *Pro se* petitioner.

Karen V. Sullivan, Deputy Attorney General, Delaware Department of Justice, Wilmington, Delaware. Counsel for respondents.

**MEMORANDUM OPINION**

_Dec 12_, 2016
Wilmington, Delaware

Sleet, District Judge

Pending before the court is an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 ("petition") filed by petitioner Phillip L. Brewer ("Brewer"). (D.I. 2) The State filed a motion to dismiss the petition as time-barred. (D.I. 13-1) For the following reasons, the court will deny the petition as barred by the one-year limitations period prescribed in 28 U.S.C. § 2244.

## I. BACKGROUND

On April 27, 2011, Brew pled guilty to the following charges from three separate indictments: possession with intent to deliver a schedule II narcotic controlled substance (cocaine)("PWITD"); maintaining a vehicle for keeping controlled substances; resisting arrest with force; and tampering with physical evidence. *See Brewer v. State*, 119 A.3d 42 (Table), 2015 WL 4606541 (Del. July 30, 2015). In exchange for Brewer's guilty plea and stipulation that he was eligible to be sentenced as a habitual offender, the State agreed to dismiss the balance of the charges in the three criminal actions against him and to not seek a mandatory life sentence under Del. Code tit. 11, § 4214(b). (D.I. 13-1 at 4) After accepting Brewer's guilty plea, the Superior Court immediately sentenced him to a total of twenty-seven years of Level V incarceration, to be suspended after serving twenty mandatory years as a habitual offender for decreasing levels of supervision. *See Brewer*, 2015 WL 4606541, at *1.

On July 18, 2011, Brewer filed a *pro se* motion for sentence reduction. (D.I. 6 at 23, Entry No. 48) The Superior Court denied the motion on August 2, 2011, and he did not appeal that decision. (D.I. 6 at 23, Entry No. 49)

On May 2, 2012, Brewer filed a *pro se* motion for post-conviction relief pursuant to Delaware Superior Court Criminal Rule 61 ("Rule 61 motion), which the Superior Court denied

on July 12, 2012. (D.I. 6 at 23, Entry Nos. 52, 57) The Delaware Supreme Court affirmed that decision on January 15, 2013, *Brewer v. State*, 2013 WL 166447, at *2 (Del. Super. Ct. Jan. 15, 2013), and denied Brewer's motion for reargument on February 5, 2013. (D.I. 13-1 at 5)

Brewer filed a second Rule 61 motion on January 21, 2015, which the Superior Court denied on February 13, 2015. *See Brewer v. State*, 119 A.23d 42 (Table), 2015 WL 4606541, at *1 (Del. July 30, 2015). The Delaware Supreme Court affirmed that decision on July 30, 2015. *Id.* at *3.

Brewer filed the instant habeas petition in January 2014, asserting the following two grounds for relief: (1) his Sixth and Fourteenth Amendment rights to effective assistance of counsel and due process were denied by the "refusal to permit [him] to withdraw a guilty plea that was not knowingly and intelligently entered"; and (2) the "sentencing judge abused his discretion when imposing [the] sentence with a closed mind and denied [Brewer] his Fourteenth Amendment right to due process of law." (D.I. 2 at 6-7) The State filed a motion to dismiss the petition as time-barred. (D.I. 13-1)

## II.  ONE YEAR STATUTE OF LIMITATIONS

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") was signed into law by the President on April 23, 1996, and habeas petitions filed in federal courts after this date must comply with the AEDPA's requirements. *See generally Lindh v. Murphy*, 521 U.S. 320, 336 (1997). AEDPA prescribes a one-year period of limitations for the filing of habeas petitions by state prisoners, which begins to run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

Brewer's petition, filed in 2014, is subject to the one-year limitations period contained in § 2244(d)(1). *See Lindh*, 521 U.S. at 336. Brewer does not allege, and the court does not discern, any facts triggering the application of § 2244(d)(1)(B), (C), or (D). Thus, the one-year period of limitations in this case began to run when Brewer's conviction became final under § 2244(d)(1)(A).

Pursuant to § 2244(d)(1)(A), if a state prisoner does not appeal a state court judgment, the judgment of conviction becomes final, and the one-year period begins to run, upon expiration of the time period allowed for seeking direct review. *See Kapral v. United States*, 166 F.3d 565, 575, 578 (3d Cir. 1999); *Jones v. Morton*, 195 F.3d 153, 158 (3d Cir. 1999). Here, the Delaware Superior Court sentenced Brewer on April 27, 2011, and he did not appeal. Therefore, Brewer's conviction became final on May 27, 2011. *See* Del. Supr. Ct. R. 6(a)(ii)(establishing a 30 day period for timely filing a notice of appeal). Accordingly, to comply with the one-year limitations period, Brewer had to file his § 2254 petition by May 29, 2012.[1] *See Wilson v. Beard*, 426 F.3d

---

[1] The Court notes that 2012 was a leap year with 366 days. However, "[e]very federal circuit that has addressed the issue has concluded that [the] method in [in Fed. R. Civ. P. 6], i.e., the 'anniversary' method, for calculating a time period applies to [] AEDPA's one-year limitation period." *Nunez v. California*, 2014 WL 809206, at *3 n.9 (N.D. Ohio Feb. 25, 2014)(collecting

3

653 (3d Cir. 2005)(holding that former Federal Rule of Civil Procedure 6(a), (e) applies to federal habeas petitions).

Brewer did not file the instant § 2254 petition until January 10, 2014,[2] approximately one and one-half years after the expiration of AEDPA's statute of limitations. Therefore, the petition is time-barred, unless the limitations period can be statutorily or equitably tolled. *See Holland v. Florida*, 560 U.S. 631, 645 (2010)(equitable tolling); 28 U.S.C. § 2244(d)(2)(statutory tolling). The court will discuss each doctrine in turn.

### A. Statutory Tolling

Pursuant to § 2244(d)(2), a properly filed application for state collateral review tolls AEDPA's limitations period during the time the application is pending in the state courts, including any post-conviction appeals, provided that the application is filed during AEDPA's one-year limitations period. *Swartz v. Meyers*, 204 F.3d 417, 424-25 (3d Cir. 2000). However, the limitations period is not tolled during the ninety days a petitioner has to file a petition for a writ of certiorari in the United States Supreme Court regarding a judgment denying a state post-conviction motion. *See Stokes v. Dist. Attorney of Philadelphia*, 247 F.3d 539, 542 (3d Cir. 2001).

---

cases). "Under the 'anniversary' method, the first day of the one-year limitations period is the day after the triggering event, thus giving petitioners 'until the close of business on the anniversary date of . . .' the triggering event to file a federal habeas petition." *Id.* (citation omitted). Using the anniversary method in this case (and, essentially, ignoring the leap day), would result in May 27, 2012 in being the last day of AEDPA's limitations period. However, since May 27, 2012 was a Sunday, and May 28, 2012 was Memorial Day, AEDPA's limitations period extended through the end of the day on May 29, 2012. *See* Fed. R. Civ. P. 6(a)(1)(C).

[2]Pursuant to the prisoner mailbox rule, the court adopts as the filing date January 10, 2014, which is the date Brewer signed the petition. *See Longenette v. Krusing*, 322 F.3d 758, 761 (3d Cir. 2003)(the date on which a prisoner transmitted documents to prison authorities for mailing is to be considered the actual filing date).

Here, fifty-one days of AEDPA's limitations period had already expired when Brewer filed his motion for modification of sentence on July 18, 2011. The Superior Court denied the motion on August 2, 2011, and Brewer did not appeal that decision. Therefore, Brewer's motion for modification of sentence tolled the limitations period from July 18, 2011 through September 2, 2011.

The limitations clock started to run again on September 3, 2011, and ran 242 days until Brewer filed his first Rule 61 motion on May 2, 2012. That motion tolled the limitations period through February 5, 2013, the day on which the Delaware Supreme Court denied Brewer's motion for reargument of its order affirming the Superior Court's denial of his Rule 61 motion. The limitations clock started to run again on February 6, 2013, and ran the remaining seventy-one days without interruption until the limitations period expired on April 18, 2013. Hence, the instant petition must be dismissed as time-barred, unless equitable tolling applies.[3]

### B. Equitable Tolling

In very rare circumstances, the one-year limitations period may be tolled for equitable reasons when the petitioner demonstrates "(1) that he has been pursuing his rights diligently, **and** (2) some extraordinary circumstance stood in his way and prevented timely filing." *Holland*, 560 U.S. at 649 (emphasis added). Equitable tolling is not available where the late filing is due to the petitioner's excusable neglect. *Id.*; *Miller v. New Jersey State Dept. of Corr.*, 145 F.3d 616, 618-19 (3d Cir. 1998). Consistent with these principles, the Third Circuit has explained that equitable tolling of AEDPA's limitations period may be appropriate in the following circumstances:

---

[3]Brewer's second Rule 61 motion has no statutory tolling effect because it was filed after the expiration of AEDPA's limitations period, and it was also filed after Brewer filed the instant petition.

5

   (1) where the defendant (or the court) actively misled the plaintiff;
   (2) where the plaintiff was in some extraordinary way prevented from asserting his rights; or
   (3) where the plaintiff timely asserted his rights mistakenly in the wrong forum.

*Jones,* 195 F.3d at 159; *Thomas v. Snyder,* 2001 WL 1555239, at *3-4 (D. Del. Nov. 28, 2001).

  In his reply to the State's motion to dismiss, Brewer contends that AEDPA's one-year limitations period should be viewed as starting after his post-conviction appeal because, in Delaware, ineffective assistance of counsel claims must be pursued in a post-conviction proceeding rather than on direct appeal. (D.I. 16 at 5-6) This argument is unavailing, because Delaware's procedural rule requiring ineffective assistance of counsel claims to be presented in a Rule 61 motion does not constitute an extraordinary circumstance for equitable tolling purposes. *See Darden v. Sobina,* 477 F. App'x 912, 918 (3d Cir. 2012)(petitioner can avoid "procedural conundrum" created by exhaustion requirement by filing a protective petition in federal court and asking to stay and abey the federal habeas proceeding until state remedies are exhausted). The Court also cannot conclude that Brewer exercised the requisite "due diligence" to warrant equitably tolling the limitations period, because he did not file his first Rule 61 motion until less than a month before the expiration of the applicable Rule 61 limitations period, and he then waited almost a year after that denial became final to file the instant petition. Finally, to the extent Brewer's untimely filing was the result of legal ignorance or a miscalculation regarding the one-year filing period, such mistakes do not warrant equitably tolling the limitations period. *See Taylor v. Carroll,* 2004 WL 1151552, at *5-6 (D. Del. May 14, 2004).

  Accordingly, the court will grant the State's motion to dismiss and dismiss the petition as time-barred.

### III. CERTIFICATE OF APPEALABILITY

When a district court issues a final order denying a § 2254 petition, the court must also decide whether to issue a certificate of appealability. *See* 3d Cir. L.A.R. 22.2 (2011). A certificate of appealability is appropriate when a petitioner makes a "substantial showing of the denial of a constitutional right" by demonstrating "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In addition, when a federal court denies a habeas petition on procedural grounds without reaching the underlying constitutional claims, the court is not required to issue a certificate of appealability unless the petitioner demonstrates that jurists of reason would find it debatable: (1) whether the petition states a valid claim of the denial of a constitutional right; and (2) whether the court was correct in its procedural ruling. *Id.*

The court has concluded that Brewer's petition filed pursuant to 28 U.S.C. § 2254 should be denied as time-barred. Reasonable jurists would not find this conclusion to be debatable. Therefore, the court will not issue a certificate of appealability.

### IV. CONCLUSION

For the reasons discussed, the court will deny as time-barred Brewer's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. An evidentiary hearing is not warranted, and an appropriate order will be entered.